*Compiler*

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0239-08 |
| Plaintiff, | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Motion to Dismiss Indictment) |
| MICHAEL JOAQUIN TORRE, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 6, 2009, for a motion hearing. Assistant Public Defender Richard S. Dirkx represented defendant Michael Joaquin Torre ("Defendant"). Assistant Attorney General Kimberli Raines represented the People of Guam ("the People"). Defendant filed a motion to dismiss indictment citing there was no evidence presented to the Grand Jury to support essential elements of terrorizing offenses; failure on the prosecution to present known exculpatory evidence to the Grand Jury for consideration; and the indictment's failure to allege essential elements of *certain* offenses. The People filed a Statement of Non-opposition to Dismiss First and Second Charges of Defendant's Indictment. The Court now issues the following Decision and Order.

# BACKGROUND

On May 25, 2008, Defendant was charged with the following: two counts of terrorizing (as a 3rd degree felony); resisting arrest (as a misdemeanor); disorderly conduct (as a petty misdemeanor); and public drunkenness (as a violation). Magistrate's Complaint (CF0239-08) May 25, 2008. Subsequently, a Superior Court of Guam Grand Jury Indictment charged Defendant for two counts of terrorizing (as a 3rd degree felony); resisting arrest (as a misdemeanor); disorderly conduct (as a petty misdemeanor); and public drunkenness (as a violation) on June 3, 2008.

Defendant filed a Notice of Motion and Motion to Dismiss Indictment on June 5, 2009. The People filed a Statement of Non-Opposition to Dismiss First and Second Charges of Defendant's Indictment on July 6, 2009. The Court now addresses Defendant's Motion to Dismiss Indictment.

# DISCUSSION

## I. Motion to Dismiss Indictment

Defendant filed a motion to dismiss citing (1) there was no evidence presented to the Grand Jury to support essential elements of the terrorizing offenses; (2) prosecution failed to present known exculpatory evidence to the Grand Jury for its consideration; and (3) the indictment fails to allege the essential elements of *some* of the offenses, fails to allege sufficient essential facts to inform Defendant of the charges, and the Grand Jury was not instructed on, nor did it find probable cause to support essential elements of certain offenses. Def's Notice of Motion and Motion to Dismiss Indictment P. 1 (June 5, 2009).

The standard for determining whether error in the grand jury proceedings justifies dismissal of the indictment differs when it is considered prior to or after the conclusion of a

trial. <u>People of Territory of Guam v. Muna</u>, 999 F. 2d 397,398. When the trial judge considers the issue prior to the conclusion of the trial, the inquiry is whether the defendant has been prejudiced by the error. <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 255, 108 S.Ct. 2369, 2373, 101_L.Ed.2d 228 (1988). Prejudice is demonstrated " 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations." <u>Id.</u> at 256, 108 S.Ct. at 2374 (quoting <u>United States v. Mechanik</u>, 475 U.S. 66, 78, 106 S.Ct. 938, 945, 89 L.Ed.2d 50 (1986) (O'Connor, J. concurring)). If, however, a petit jury subsequently convicts a defendant of the charges upon which he was indicted, "any error in the grand jury proceeding connected with the charging decision [is deemed] harmless beyond a reasonable doubt." <u>Mechanik</u>, 475 U.S. at 70, 106 S.Ct. at 942. In such a case, dismissal of the indictment will be appropriate only where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair." <u>Bank of Nova Scotia</u>, 487 U.S. at 257, 108 S.Ct. at 2374.

### a. Lack of Evidence

Defendant argued that a Grand Jury's indictment must be based on competent evidence. Under Guam law "[t]he grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 G.C.A. § 50.42.

Correspondingly, the People filed a Non-Opposition to Dismiss First and Second Charges of Defendant's Indictment. The first charge in the indictment is Terrorizing (As a 3rd Degree Felony) (2 counts). The second charge in the indictment is Resisting Arrest (As a

Misdemeanor). However, the People opposed the dismissal of the indictment's third and fourth charges. Defendant's third charge is Disorderly Conduct (As a Petty Misdemeanor) and the fourth charge is Public Drunkenness (As a Violation). Moreover, Defendant has not argued in his motion that there was a lack of evidence for the third and fourth charges. Therefore, the Court will dismiss first and second charges, but sustain the third and fourth charges contained in the indictment.

### a. Exculpatory Evidence Presented to the Grand Jury

Defendant argued that the prosecution failed to present known exculpatory evidence to theGrand Jury for its consideration. Def's Notice of Motion and Motion to Dismiss Indictment P. 1 (June 5, 2009). Under Guam law "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt and the grand jury shall weigh all the evidence submitted." 8 G.C.A. §50.46.

Defendant argued that neither count of the first charge of the indictment alleges what "crime of violence dangerous to human life" Defendant supposedly committed. Def's Notice of Motion and Motion to Dismiss Indictment P. 4 (June 5, 2009). Defendant further contended that the elements, which distinguish felony terrorizing from other "threatening" offenses, such as assault, were not presented to the Grand Jury. With respect to the second charge of the indictment for Resisting Arrest, Defendant argued that a second page of a written statement by one of the victims was never revealed to the Grand Jury. On that basis, Defendant argues that the Grand Jury should have been told this, as it negates elements of the charged offense.

Since the Court grants the dismissal of charges One and Two of the indictment, the elements necessary for said charges do not need to be considered and the issues concerning

exculpatory evidence are now moot. However, the Court finds that the remaining Third and Fourth Charges of the indictment are to be sustained, as they do not have any reliance of the same elements required for a terrorizing charge.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court GRANTS the dismissal of the First and Second Charges of the indictment; but the Court DENIES the dismissal of the Third and Fourth charges of the indictment.

**SO ORDERED** this ___15___ day of ___July___, 2009.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUL 15 2009

